Address 700 NEW HAMPSHIRE AVE NW # 415

WASHINGTON, DC 20037-2406

**BB&T**

9560082298
Customer Number

00002
Note Number

## NOTE MODIFICATION AGREEMENT

| $ 700,000.00 | 03/13/2002 | $ 696,333.33 | 07/23/2003 |
|---|---|---|---|
| Original Amount of Note | Original Date | Modification Amount | Modification Date |

This Note Modification Agreement (hereinafter Agreement) is made and entered into this __23rd__ day of __July, 2003__ by and between HUDSON RIVER PARTNERS LP _____
maker(s), co-maker(s), endorser(s), or other obligor(s) on the Promissory Note (as defined below), hereinafter also referred to jointly and severally a Borrower(s); Branch Banking and Trust Company, a North Carolina banking corporation, hereinafter referred to as Bank; and _____
owners other than Borrower(s) (if any) of any property pledged to secure performance of Borrower(s)'s obligations to Bank, hereinafter referred t jointly and severally as Debtor(s)/Grantor(s).

**Witnesseth:** Whereas, Borrower(s) has previously executed a Promissory Note payable to Bank, which Promissory Note includes the origin: Promissory Note and all renewals, extensions and modifications thereof, collectively "Promissory Note", said Promissory Note being more particularl identified by description of the original note above; and Borrower(s) and Bank agree that said Promissory Note be modified only to the limited exten as is hereinafter set forth; that all other terms, conditions, and covenants of said Promissory Note remain in full force and effect, and that all othe obligations and covenants of Borrower(s), except as herein modified, shall remain in full force and effect, and binding between Borrower(s) and Bank and Whereas Debtor(s)/Grantor(s), if different from Borrower(s), has agreed to the terms of this modification; NOW THEREFORE, in mutua consideration of the premises, the sum of Ten Dollars ($10) and other good and valuable consideration, each to the other parties paid , the partie hereto agree that said Promissory Note is amended as hereinafter described:

[ ] Borrower shall pay a prepayment penalty as set forth in the Prepayment Penalty Addendum attached hereto.

**INTEREST RATE, PRINCIPAL AND INTEREST PAYMENT TERM MODIFICATIONS (To the extent no change is made, existing terms continue. Sections not completed are deleted.)**

Interest shall accrue from the date hereof on the unpaid principal balance outstanding from time to time at the:

[ ] Fixed Rate of _____ % per annum.

[X] Variable rate of the Bank's Prime Rate plus __2.250__ % per annum to be adjusted __Daily__ as the Bank's Prime Rate changes.

[ ] As of the Modification Date, any fixed, floating, or average maximum rate and fixed minimum rate in effect by virtue of the Promissory Note(s) are hereby deleted. If checked here [ ] ,the interest rate will not exceed a(n) [ ] fixed [ ] average maximum rate of _____ % or a [ ] floating maximum rate of the greater of _____ % or the Bank's Prime Rate; and the interest rate will not decrease below a fixed minimum rate of _____ %. If an average maximum rate is specified, a determination of any required reimbursement of interest by Bank will be made on: [ ] when the Note is repaid in full by Borrower [ ] annually beginning on _____ .

[ ] _____

**Principal and interest are payable as follows:**

[ ] Principal (plus any accrued interest not otherwise scheduled herein) } is due in full at maturity on _____ .
[ ] Principal plus accrued interest
[X] Payable in consecutive __Monthly__ installments of [X] Principal [ ] Principal and interest } commencing on 08/23/2003
and continuing on the same day of each calendar period thereafter, in __5__ equal payments of $ __14,506.94__ , with one final payment of all remaining principal and accrued interest due on __01/23/2004__ .

[ ] ChoiceLine Payment Option: 2% of outstanding balance is payable monthly commencing on _____
and continuing on the same day of each month thereafter, with one final payment of all remaining principal and accrued interest due on _____ .

[X] Accrued interest is payable __Monthly__ commencing on __August 23, 2003__ and continuing on the same day of each calendar period thereafter, with one final payment of all remaining interest due on __January 23, 2004__

[ ] Bank reserves the right in its sole discretion to adjust the fixed payment due hereunder _____ on _____ and continuing on the same day of each calendar period thereafter, in order to maintain an amortization period of no more than _____ months from the date of this Note. Borrower understands the payment may increase if interest rates increase.

[ ] Prior to an event of default, Borrower may borrow, repay, and reborrow pursuant to the terms of a Loan Agreement dated _____ between Borrower and Bank.

[ ] Borrower(s) hereby authorizes Bank to automatically debit from its demand deposit or savings account(s) with Bank, any payment(s) due under this Note on date(s) due.

The following scheduled payment(s) is (are) deferred:

$ _____ principal
$ _____ interest } payment(s) due on _____
$ _____ principal and interest

is (are) hereby deferred. Payments will resume on _____ according to the schedule contained herein or to the existing schedule (if no other changes are made herein).

The Borrower(s) promises to pay Bank, or order, a late fee in the amount of five percent (5%) of any installment past due for ten (10) or mor
days. Where any installment payment is past due for ten (10) or more days, subsequent payments shall first be applied to the past due balance
In addition, the undersigned shall pay to bank a returned payment fee if the undersigned or any other obligor hereon makes any payment at an
time by check or other instrument, or by any electronic means, which is returned to Bank because of nonpayment due to nonsufficient funds.

COLLATERAL: ☐ The Promissory Note, as modified, and the performance of the terms of any agreement or instrument relating to, evidencing, o
securing the Promissory Note, as modified, shall be additionally secured by collateral hereinafter described, a new security instrument shall b
executed by Borrower(s), and/or Debtor(s)/Grantor(s), and all other steps necessary to perfect or record the Bank's lien with priority acceptable t
Bank shall be taken.

Date: _____  Type of Agreement: _____

From: _____

Date: _____  Type of Agreement: _____

From: _____

Date: _____  Type of Agreement: _____

From: _____

Date: _____  Type of Agreement: _____

From: _____

Date: _____  Type of Agreement: _____

From: _____

☐ _____

☐ The collateral hereinafter described shall be and hereby is deleted as security interest for payment of the aforesaid Promissory Note:

_____
_____
_____

OTHER: _____

If the Promissory Note being modified by this Agreement is signed by more than one person or entity, the modified Promissory Note shall be th
joint and several obligation of all signers and the property and liability of each and all of them. It is expressly understood and agreed that thi
Agreement is a modification only and not a novation. The original obligation of the Borrower(s) as evidenced by the Promissory Note abov
described is not extinguished hereby. It is also understood and agreed that except for the modification(s) contained herein said Promissory Note
and any other Loan Documents or Agreements evidencing, securing or relating to the Promissory Note and all singular terms and condition
thereof, shall be and remain in full force and effect. This Agreement shall not release or affect the liability of any co-makers, obligors, endorser
or guarantors of said Promissory Note. Borrower and Debtor(s)/Grantor(s), if any, jointly and severally consent to the terms of this Agreement
waive any objection thereto, affirm any and all obligations to Bank and certify that there are no defenses or offsets against said obligations or th
Bank, including without limitation the Promissory Note. Bank expressly reserves all rights as to any party with right of recourse on the aforesai
Promissory Note.

In the event periodic accruals of interest shall exceed any periodic fixed payment amount described above, the fixed payment amount shall b
immediately increased or supplemental interest payments required on the same periodic basis as specified above (increased fixed payments o
supplemental payments to be determined in the Bank's sole discretion), in such amounts and at such times as shall be necessary to pay a
accruals of interest for the period and all accruals of unpaid interest from previous periods. Such adjustments to the fixed payment amount o
supplemental payments shall remain in effect for so long as any interest accruals shall exceed the original fixed payment amount and shall b
further adjusted upward or downward to reflect changes in any variable interest rate based on an index such as the Bank's Prime Rate; provide
that unless elected otherwise above, the fixed payment amount shall not be reduced below the original payment amount. However, Ban
shall have the right, in its sole discretion, to lower the fixed payment amount below the original payment amount. Notwithstanding any othe
provision contained in this agreement, in no event shall the provisions of this paragraph be applicable to any Promissory Note which require
disclosures pursuant to the Consumer Protection Act (Truth-in-Lending Act), 15 USC § 1601, et seq., as implemented by Regulation Z.

Borrower agrees that the only interest charge is the interest actually stated in this Note, and that any loan or origination fee shall b
deemed charges rather than interest, which charges are fully earned and non-refundable. It is further agreed that any late charges are not
charge for the use of money but are imposed to compensate Bank for some of the administrative services, costs and losses associated with
delinquency or default under this Note, and said charges shall be fully earned and non-refundable when accrued. All other charges imposed b
Bank upon Borrower in connection with this Note and the loan including, without limitation, any commitment fees, loan fees, facility fees
origination fees, discount points, default and late charges, prepayment fees, statutory attorneys' fees and reimbursements for costs an
expenses paid by Bank to third parties or for damages incurred by Bank and shall be deemed to be charges made to compensate Bank fo
underwriting and administrative services and costs, other services, and costs or losses incurred and to be incurred by Bank in connection wit
this Note and the loan and shall under no circumstances be deemed to be charges for the use of money. All such charges shall be fully earne
and non-refundable when due.

The Bank may, at its option, charge any fees for the modification, renewal, extension, or amendment of any of the terms of the Promissor
Note(s) as permitted by applicable law.

In the words "Prime Rate", "Bank Prime Rate", "BB&T Prime Rate", "Bank's Prime Rate" or "BB&T's Prime Rate" are used in this Agreement
they shall refer to the rate announced by the Bank from time to time as its Prime Rate. The Bank makes loans both above and below the Prim
Rate and uses indexes other than the Prime Rate. Prime Rate is the name given a rate index used by the Bank and does not in itself constitute
representation of any preferred rate or treatment.

Unless otherwise provided herein, it is expressly understood and agreed by and between Borrower(s), Debtor(s)/Grantor(s) and Bank that any an
all collateral (including but not limited to real property, personal property, fixtures, inventory, accounts, instruments, general intangibles
documents, chattel paper, and equipment) given as security to insure faithful performance by Borrower(s) and any other third party of any and a
obligations to Bank, however created, whether now existing or hereafter arising, shall remain as security for the Promissory Note as modifie
hereby.

# BB&T

## NOTE MODIFICATION SIGNATURE PAGE

Borrower: __HUDSON RIV R PARTNERS LP__

Account Number: ___956 82298___    Note Number: ___00002___

Modification Amount: __696. 33.33__    Modification Date: _07/23/2003_

IN WITNESS WHEREOF, the ur ersigned, on the day and year first written above, has caused this instrument to be executed under seal.

### If Borrower is a Corporation:

WITNESS:

                      NAME OF CORPORATION

By: _____ (SEAL)

Title: _____

By: _____ (SEAL)

Title: _____

### If Borrower is a Partnership, Limited Liability Company, Limited Liability Partnership or Limited Liability Limited Partnership:

WITNESS:

              HUDSON RIVER PARTNERS LP

              NAME OF PARTNERSHIP, LLC, LLP OR LLLP

By: _____ (SEAL)

              GENERAL PARTNER OR MANAGER

By: _____ (SEAL)

              GENERAL PARTNER OR MANAGER

By: _____ (SEAL)

              GENERAL PARTNER OR MANAGER

### If Borrower is an Individual

WITNESS:

_____ (SEAL)

### Additional Borrowers and Debtors/Grantors/Guarantors:

WITNESS:

_____ (SEAL)

_____ (SEAL)

_____ (SEAL)

_____ (SEAL)

_____ (SEAL)

_____ (SEAL)

BDC 1004

Name  HUDSON RIVER PARTNERS LP

Address  700 NEW HAMPSHIRE AVE NW # 415

WASHINGTON, DC 20037-2406

# BB&T

9560082298
Customer Number

00002
Note Number

## NOTE MODIFICATION AGREEMENT

| $ 700,000.00 | 03/13/2002 | $ 696,333.33 | 10/21/2003 |
|---|---|---|---|
| Original Amount of Note | Original Date | Modification Amount | Modification Date |

This Note Modification Agreement (hereinafter Agreement) is made and entered into this __21st__ day of _____ October, 2003 ____ by and between  HUDSON RIVER PARTNERS LP  _____ maker(s), co-maker(s), endorser(s), or other obligor(s) on the Promissory Note (as defined below), hereinafter also referred to jointly and severally as Borrower(s); Branch Banking and Trust Company, a North Carolina banking corporation, hereinafter referred to as Bank; and _____

owners other than Borrower(s) (if any) of any property pledged to secure performance of Borrower(s)'s obligations to Bank, hereinafter referred to jointly and severally as Debtor(s)/Grantor(s).

Witnesseth:  Whereas, Borrower(s) has previously executed a Promissory Note payable to Bank, which Promissory Note includes the original Promissory Note and all renewals, extensions and modifications thereof, collectively "Promissory Note", said Promissory Note being more particularly identified by description of the original note above; and Borrower(s) and Bank agree that said Promissory Note be modified only to the limited extent as is hereinafter set forth; that all other terms, conditions, and covenants of said Promissory Note remain in full force and effect, and that all other obligations and covenants of Borrower(s), except as herein modified, shall remain in full force and effect, and binding between Borrower(s) and Bank and Whereas Debtor(s)/Grantor(s), if different from Borrower(s), has agreed to the terms of this modification; NOW THEREFORE, in mutual consideration of the premises, the sum of Ten Dollars ($10) and other good and valuable consideration, each to the other parties paid , the parties hereto agree that said Promissory Note is amended as hereinafter described:

[ ] Borrower shall pay a prepayment penalty as set forth in the Prepayment Penalty Addendum attached hereto.

INTEREST RATE, PRINCIPAL AND INTEREST PAYMENT TERM  MODIFICATIONS (To the extent no change is made, existing terms continue.  Sections not completed are deleted.)

Interest shall accrue from the date hereof on the unpaid principal balance outstanding from time to time at the:

[ ] Fixed Rate of _____ % per annum.

[ ] Variable rate of the Bank's Prime Rate plus _____ % per annum to be adjusted _____ as the Bank's Prime Rate changes.

[ ] As of the Modification Date, any fixed, floating, or average maximum rate and fixed minimum rate in effect by virtue of the Promissory Note(s) are hereby deleted. If checked here [ ] ,the interest rate will not exceed a(n) [ ] fixed [ ] average maximum rate of _____ % or a [ ] floating maximum rate of the greater of _____ % or the Bank's Prime Rate; and the interest rate will not decrease below a fixed minimum rate of _____ %.· If an average maximum rate is specified, a determination of any required reimbursement of interest by Bank will be made: [ ] when the Note is repaid in full by Borrower [ ] annually beginning on _____ .

_____

_____

Principal and interest are payable as follows:

[ ] Principal (plus any accrued interest not otherwise scheduled herein) } is due in full at maturity on _____
[ ] Principal plus accrued interest
[X] Payable in consecutive ___Monthly___ installments of [X] Principal / [ ] Principal and interest } commencing on 11/23/2003 and continuing on the same day of each calendar period thereafter, in ___2___ equal payments of $ _5,000.00_ , with one final payment of principal and accrued interest due on _01/23/2004_

[ ] ChoiceLine Payment Option: 2% of outstanding balance is payable monthly commencing on _____ and continuing on the same day of each month thereafter, with one final payment of all remaining principal and accrued interest due on _____

[X] Accrued interest is payable ___Monthly___ commencing on _November 23, 2003_ and continuing on the same day of each calendar period thereafter, with one final payment of all remaining interest due on _January 23, 2004_

[ ] Bank reserves the right in its sole discretion to adjust the fixed payment due hereunder _____ on _____ and continuing on the same day of each calendar period thereafter, in order to maintain an amortization period of no more than _____ months from the date of this Note. Borrower understands the payment may increase if interest rates increase.

[ ] Prior to an event of default, Borrower may borrow, repay, and reborrow pursuant to the terms of a Loan Agreement dated _____ between Borrower and Bank.

_____

[ ] Borrower(s) hereby authorizes Bank to automatically debit from its demand deposit or savings account(s) with Bank, any payment(s) due under this Note on date(s) due.

The following scheduled payment(s) is (are) deferred:

[X] $ _43,520.82_ principal
[ ] $ _____ interest  } payment(s) due on  10/23/2003, 09/23/2003 , 08/23/2003
[ ] $ _____ principal and interest

is (are) hereby deferred.  Payments will resume on _____ 11/23/2003 _____ according to the schedule contained herein or to the existing schedule (if no other changes are made herein).





The Borrower(s) promises to pay Bank, or order, a late fee in the amount of five percent (5%) of any installment past due for ten (10) or mo
days. Where any installment payment is past due for ten (10) or more days, subsequent payments shall first be applied to the past due balanc
In addition, the undersigned shall pay to bank a returned payment fee if the undersigned or any other obligor hereon makes any payment at a
time by check or other instrument, or by any electronic means, which is returned to Bank because of nonpayment due to nonsufficient funds.

COLLATERAL: ☐ The Promissory Note, as modified, and the performance of the terms of any agreement or instrument relating to, evidencing,
securing the Promissory Note, as modified, shall be additionally secured by collateral hereinafter described, a new security instrument shall b
executed by Borrower(s), and/or Debtor(s)/Grantor(s), and all other steps necessary to perfect or record the Bank's lien with priority acceptable
Bank shall be taken.

Date: _____    Type of Agreement: _____

From: _____

Date: _____    Type of Agreement: _____

From: _____

Date: _____    Type of Agreement: _____

From: _____

Date: _____    Type of Agreement: _____

From: _____

☐ _____

☐ The collateral hereinafter described shall be and hereby is deleted as security interest for payment of the aforesaid Promissory Note:

_____

_____

OTHER: _____

If the Promissory Note being modified by this Agreement is signed by more than one person or entity, the modified Promissory Note shall be th
joint and several obligation of all signers and the property and liability of each and all of them. It is expressly understood and agreed that th
Agreement is a modification only and not a novation. The original obligation of the Borrower(s) as evidenced by the Promissory Note abov
described is not extinguished hereby. It is also understood and agreed that except for the modification(s) contained herein said Promissory Note
and any other Loan Documents or Agreements evidencing, securing or relating to the Promissory Note and all singular terms and conditior
thereof, shall be and remain in full force and effect. This Agreement shall not release or affect the liability of any co-makers, obligors, endorser
or guarantors of said Promissory Note. Borrower and Debtor(s)/Grantor(s), if any, jointly and severally consent to the terms of this Agreemen
waive any objection thereto, affirm any and all obligations to Bank and certify that there are no defenses or offsets against said obligations or th
Bank, including without limitation the Promissory Note. Bank expressly reserves all rights as to any party with right of recourse on the aforesai
Promissory Note.

In the event periodic accruals of interest shall exceed any periodic fixed payment amount described above, the fixed payment amount shall b
immediately increased or supplemental interest payments required on the same periodic basis as specified above (increased fixed payments c
supplemental payments to be determined in the Bank's sole discretion), in such amounts and at such times as shall be necessary to pay a
accruals of interest for the period and all accruals of unpaid interest from previous periods. Such adjustments to the fixed payment amount c
supplemental payments shall remain in effect for so long as any interest accruals shall exceed the original fixed payment amount and shall b
further adjusted upward or downward to reflect changes in any variable interest rate based on an index such as the Bank's Prime Rate; provide
that unless elected otherwise above, the fixed payment amount shall not be reduced below the original fixed payment amount. However, Ban
shall have the right, in its sole discretion, to lower the fixed payment amount below the original payment amount. Notwithstanding any othe
provision contained in this agreement, in no event shall the provisions of this paragraph be applicable to any Promissory Note which require
disclosures pursuant to the Consumer Protection Act (Truth-in-Lending Act), 15 USC § 1601, et seq., as implemented by Regulation Z.

Borrower agrees that the only interest charge is the interest actually stated in this Note, and that any loan or origination fee shall b
deemed charges rather than interest, which charges are fully earned and non-refundable. It is further agreed that any late charges are not
charge for the use of money but are imposed to compensate Bank for some of the administrative services, costs and losses associated with an
delinquency or default under this Note, and said charges shall be fully earned and non-refundable when accrued. All other charges imposed b
Bank upon Borrower in connection with this Note and the loan including, without limitation, any commitment fees, loan fees, facility fees
origination fees, discount points, default and late charges, prepayment fees, statutory attorneys' fees and reimbursements for costs an
expenses paid by Bank to third parties or for damages incurred by Bank are and shall be deemed to be charges made to compensate Bank fc
underwriting and administrative services and costs, other services, and costs or losses incurred and to be incurred by Bank in connection wit
this Note and the loan and shall under no circumstances be deemed to be charges for the use of money. All such charges shall be fully earne
and non-refundable when due.

The Bank may, at its option, charge any fees for the modification, renewal, extension, or amendment of any of the terms of the Promissor
Note(s) as permitted by applicable law.

In the words "Prime Rate", "Bank Prime Rate", "BB&T Prime Rate", "Bank's Prime Rate" or "BB&T's Prime Rate" are used in this Agreemen
they shall refer to the rate announced by the Bank from time to time as its Prime Rate. The Bank makes loans both above and below the Prim
Rate and uses indexes other than the Prime Rate. Prime Rate is the name given a rate index used by the Bank and does not in itself constitute
representation of any preferred rate or treatment.

Unless otherwise provided herein, it is expressly understood and agreed by and between Borrower(s), Debtor(s)/Grantor(s) and Bank that any an
all collateral (including but not limited to real property, personal property, fixtures, inventory, accounts, instruments, general intangibles
documents, chattel paper, and equipment) given as security to insure faithful performance by Borrower(s) and any other third party of any and a
obligations to Bank, however created, whether now existing or hereafter arising, shall remain as security for the Promissory Note as modifie
hereby.

It is understood and agreed that if Bank has released collateral herein, it shall not be required or obligated to take any further steps to release said collateral from any lien or security interest unless Bank determines, in its sole discretion, that it may do so without consequence to its secured position and relative priority in other collateral; and unless Borrower(s) bears the reasonable cost of such action. No delay or omission on the part of the Bank in exercising any right hereunder shall operate as a waiver of such right or of any other right of the Bank, nor shall any delay, omission or waiver on any one occasion be deemed a bar to or waiver of the same, or of any other right on any further occasion. Each of the parties signing this Agreement regardless of the time, order or place of signing waives presentment, demand, protest, and notices of every kind, and assents to any one or more extensions or postponements of the time of payment or any other indulgences, to any substitutions, exchanges or releases of any other parties or persons primarily or secondarily liable. Whenever possible the provisions of this Agreement shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Agreement prohibited by or invalid under such law, such provisions shall be ineffective to the extent of any such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Agreement. All rights and obligations arising hereunder shall be governed by and construed in accordance with the laws of the same state which governs the interpretation and enforcement of the Promissory Note.

From and after any event of default under this Agreement, the Promissory Note, or any related deed of trust, security agreement or loan agreement, interest shall accrue on the sum of the principal balance and accrued interest then outstanding at the variable rate equal to the Bank's Prime Rate plus 5% per annum ("Default Rate"), provided that such rate shall not exceed at any time the highest rate of interest permitted by the laws of the District of Columbia; and further that such rate shall apply after judgement. In the event of any default, the then remaining unpaid principal amount and accrued but unpaid interest then outstanding shall bear interest at the Default Rate until such principal and interest have been paid in full. Bank shall not be obligated to accept any check, money order, or other payment instrument marked "payment in full" on any disputed amount due hereunder, and Bank expressly reserves the right to reject all such payment instruments. Borrower agrees that tender of its check or other payment instrument so marked will not satisfy or discharge its obligation under this Note, disputed or otherwise, even if such check or payment instrument is inadvertently processed by Bank unless in fact such payment is in fact sufficient to pay the amount due hereunder.

## CREDIT LIFE AND DISABILITY INSURANCE

Subject to certain underwriting criteria and limitations, INDIVIDUAL BORROWERS AND ADDITIONAL CO-MAKERS HAVE THE RIGHT TO REQUEST CREDIT LIFE AND DISABILITY INSURANCE PROTECTION FOR THIS LOAN. One or two Borrowers/Co-makers may be covered by BB&T Credit Life Insurance and one Borrower/Co-maker may be covered by BB&T Credit Disability Insurance. However, the purchase of credit life and credit disability insurance from the Bank is not a condition of obtaining or maintaining this loan.

I, the undersigned, desire the credit insurance with the cost and terms described below and promise to pay the premium of such insurance coverage. I understand that I may cancel this credit insurance at any time. I represent that, to the best of my knowledge, I am in good health and am insurable.

☐ BB&T Type 1: Complete the following:    ☐ Fidelity Security Insurance Company Flex Plan (Complete separate application)

CREDIT LIFE INSURANCE         Effective Date      Term in Mos.       Initial Ins. Amount      Credit Life Premium

☐ Single       ☐ Level
☐ Joint        ☐ Decreasing     _____        $_____     $_____

CREDIT DISABILITY INSURANCE                        Monthly Benefit Amount            Credit Disability Premium
Effective Date and Terms in Mos.
Same as Credit Life Insurance Above     $_____             $_____

Credit Disability Insurance is subject to a 14-day elimination period and a 60-month maximum benefit period. Only the Borrower or Co-Maker who signs on the first line under "Signature(s) of Insured" is covered by Credit Disability Insurance.

Date of Birth              Signature(s) of Insured                        Total Credit Life and Disability
                                                                              Insurance Premium

_____     _____
                         Signature of Primary Insured

_____     _____        $_____
                       Signature of Secondary Insured

(SIGNATURES ON FOLLOWING PAGE)

# BB&T

## NOTE MODIFICATION SIGNATURE PAGE

Borrower:    HUDSON RIVER PARTNERS LP

Account Number:    9560082298

Note Number:    00002

Modification Amount:    681,826.39

Modification Date:    10/21/2003

IN WITNESS WHEREOF, the undersigned, on the day and year first written above, has caused this instrument to be executed under seal.

### If Borrower is a Corporation:

WITNESS:

                                        NAME OF CORPORATION

_____    By: _____ (SEAL)

                                        Title: _____

_____    By: _____ (SEAL)

                                        Title: _____

### If Borrower is a Partnership, Limited Liability Company, Limited Liability Partnership or Limited Liability Limited Partnership:

WITNESS:                        HUDSON RIVER PARTNERS LP
                                        NAME OF PARTNERSHIP, LLC, LLP OR LLLP

_____    By: _____ (SEAL)
                                        GENERAL PARTNER OR MANAGER

                                    By: _____ (SEAL)
                                        GENERAL PARTNER OR MANAGER

_____    By: _____ (SEAL)
                                        GENERAL PARTNER OR MANAGER

### If Borrower is an Individual

WITNESS:

_____    _____ (SEAL)

### Additional Borrowers and Debtors/Grantors/Guarantors:

WITNESS:

_____    _____ (SEAL)

_____    _____ (SEAL)

_____    _____ (SEAL)

_____    _____ (SEAL)

_____    _____ (SEAL)

_____    _____ (SEAL)

Maker __HUDSON RIVER PARTNERS LP__

Address __2884 WOODLAND DR NW__

__WASHINGTON, DC 20008-2742__


**BB&T**

9560082298
Customer Number

00002
Note Number

## NOTE MODIFICATION AGREEMENT

$ __700,000.00__          __03/13/2002__          $ __684,907.98__          __07/21/2004__

Original Amount of Note          Original Date          Modification Amount          Modification Date

This Note Modification Agreement (hereinafter Agreement) is made and entered into this __21st__ day of __July, 2004__ ,
by and between __HUDSON RIVER PARTNERS LP__
maker(s), co-maker(s), endorser(s), or other obligor(s) on the Promissory Note (as defined below), hereinafter also referred to jointly and severally as Borrower(s); Branch Banking and Trust Company, a North Carolina banking corporation, hereinafter referred to as Bank; and _____

owners other than Borrower(s) (if any) of any property pledged to secure performance of Borrower(s)'s obligations to Bank, hereinafter referred to jointly and severally as Debtor(s)/Grantor(s).

**Witnesseth:** Whereas, Borrower(s) has previously executed a Promissory Note payable to Bank, which Promissory Note and the original Promissory Note and all renewals, extensions and modifications thereof, collectively "Promissory Note", said Promissory Note being more particularly identified by description of the original note above; and Borrower(s) and Bank agree that said Promissory Note be modified only to the limited extent as is hereinafter set forth; that all other terms, conditions, and covenants of said Promissory Note remain in full force and effect, and that all other obligations and covenants of Borrower(s), except as herein modified, shall remain in full force and effect, and binding between Borrower(s) and Bank; and Whereas Debtor(s)/Grantor(s), if different from Borrower(s), has agreed to the terms of this modification; NOW THEREFORE, in mutual consideration of the premises, the sum of Ten Dollars ($10) and other good and valuable consideration, each to the other parties paid , the parties hereto agree that said Promissory Note is amended as hereinafter described:

[ ] Borrower shall pay a prepayment penalty as set forth in the Prepayment Penalty Addendum attached hereto.

**INTEREST RATE, PRINCIPAL AND INTEREST PAYMENT TERM MODIFICATIONS** (To the extent no change is made, existing terms continue. Sections not completed are deleted.)

**Interest** shall accrue from the date hereof on the unpaid principal balance outstanding from time to time at the:

[ ] Fixed Rate of _____ % per annum.

[X] Variable rate of the Bank's Prime Rate plus __2.250__ % per annum to be adjusted          __Daily__          as the Bank's Prime Rate changes.

[ ] As of the Modification Date, any fixed, floating, or average maximum rate and fixed minimum rate in effect by virtue of the Promissory Note(s) are hereby deleted. If checked here [ ] , the interest rate will not exceed a(n) [X] fixed [ ] average maximum rate of _____ % or a [ ] floating maximum rate of the greater of _____ % or the Bank's Prime Rate; and the interest rate will not decrease below a fixed minimum rate of _____ %. If an average maximum rate is specified, a determination of any required reimbursement of interest by Bank will be made: [ ] when the Note is repaid in full by Borrower [ ] annually beginning on _____ .

[ ] _____

**Principal and interest are payable as follows:**

[ ] Principal (plus any accrued interest not otherwise scheduled herein) ⎫
[X] Principal plus accrued interest                                       ⎬ is due in full at maturity on __08/20/2004__ .
                                                                          ⎭

[ ] Payable in consecutive _____ installments of ⎱ [ ] Principal ⎰ commencing on _____
                                                          ⎰ [ ] Principal and interest ⎱
and continuing on the same day of each calendar period thereafter, in _____ equal payments of $ _____ , with one final payment of all remaining principal and accrued interest due on _____ .

[ ] ChoiceLine Payment Option: 2% of outstanding balance is payable monthly commencing on _____ and continuing on the same day of each month thereafter, with one final payment of all remaining principal and accrued interest due on _____ .

[ ] Accrued interest is payable _____ commencing on _____ and continuing on the same day of each calendar period thereafter, with one final payment of all remaining interest due on _____ .

[ ] Bank reserves the right in its sole discretion to adjust the fixed payment due hereunder _____ on _____ and continuing on the same day of each calendar period thereafter, in order to maintain an amortization period of no more than _____ months from the date of this Note. Borrower understands the payment may increase if interest rates increase.

[ ] Prior to an event of default, Borrower may borrow, repay, and reborrow pursuant to the terms of a Loan Agreement dated _____ between Borrower and Bank.

[ ] _____

[ ] Borrower(s) hereby authorizes Bank to automatically debit from its demand deposit or savings account(s) with Bank, any payment(s) due under this Note on date(s) due.

The following scheduled payment(s) is (are) deferred:

[ ]  $ _____ principal ⎫
     $ _____ interest  ⎬ payment(s) due on _____
     $ _____ principal and interest ⎭

is (are) hereby deferred. Payments will resume on _____ according to the schedule contained herein or to the existing schedule (if no other changes are made herein).

*ACCOUNT# / NOTE#*
9560082298   00002



The Borrower(s) promises to pay Bank, or order, a late fee in the amount of five percent (5%) of any installment past due for ten (10) or m days. Where any installment payment is past due for ten (10) or more days, subsequent payments shall first be applied to the past due balan In addition, the undersigned shall pay to bank a returned payment fee if the undersigned or any other obligor hereon makes any payment at time by check or other instrument, or by any electronic means, which is returned to Bank because of nonpayment due to nonsufficient funds.

COLLATERAL: ☐ The Promissory Note, as modified, and the performance of the terms of any agreement or instrument relating to, evidencing securing the Promissory Note, as modified, shall be additionally secured by collateral hereinafter described, a new security instrument shall executed by Borrower(s), and/or Debtor(s)/Grantor(s), and all other steps necessary to perfect or record the Bank's lien with priority acceptable Bank shall be taken.

Date: _____ Type of Agreement: _____

From: _____

Date: _____ Type of Agreement: _____

From: _____

Date: _____ Type of Agreement: _____

From: _____

Date: _____ Type of Agreement: _____

From: _____

Date: _____ Type of Agreement: _____

From: _____

☐ _____

☐ The collateral hereinafter described shall be and hereby is deleted as security interest for payment of the aforesaid Promissory Note:

_____

_____

OTHER: _____

If the Promissory Note being modified by this Agreement is signed by more than one person or entity, the modified Promissory Note shall be joint and several obligation of all signers and the property and liability of each and all of them. It is expressly understood and agreed that Agreement is a modification only and not a novation. The original obligation of the Borrower(s) as evidenced by the Promissory Note abc described is not extinguished hereby. It is also understood and agreed that except for the modification(s) contained herein said Promissory No and any other Loan Documents or Agreements evidencing, securing or relating to the Promissory Note and all singular terms and conditio thereof, shall be and remain in full force and effect. This Agreement shall not release or affect the liability of any co-makers, obligors, endorse or guarantors of said Promissory Note. Borrower and Debtor(s)/Grantor(s), if any, jointly and severally consent to the terms of this Agreeme waive any objection thereto, affirm any and all obligations to Bank and certify that there are no defenses or offsets against said obligations or Bank, including without limitation the Promissory Note. Bank expressly reserves all rights as to any party with right of recourse on the aforesa Promissory Note.

In the event periodic accruals of interest shall exceed any periodic fixed payment amount described above, the fixed payment amount shall immediately increased or supplemental interest payments required on the same periodic basis as specified above (increased fixed payments supplemental payments to be determined in the Bank's sole discretion), in such amounts and at such times as shall be necessary to pay accruals of interest for the period and all accruals of unpaid interest from previous periods. Such adjustments to the fixed payment amount supplemental payments shall remain in effect for so long as any interest accruals shall exceed the original fixed payment amount and shall further adjusted upward or downward to reflect changes in any variable interest rate based on an index such as the Bank's Prime Rate; provid that unless elected otherwise above, the fixed payment amount shall not be reduced below the original fixed payment amount. However, Ba shall have the right, in its sole discretion, to lower the fixed payment amount below the original payment amount. Notwithstanding any ot provision contained in this agreement, in no event shall the provisions of this paragraph be applicable to any Promissory Note which requi disclosures pursuant to the Consumer Protection Act (Truth-in-Lending Act), 15 USC § 1601, et seq., as implemented by Regulation Z.

Borrower agrees that the only interest charge is the interest actually stated in this Note, and that any loan or origination fee shall deemed charges rather than interest, which charges are fully earned and non-refundable. It is further agreed that any late charges are no charge for the use of money but are imposed to compensate Bank for some of the administrative services, costs and losses associated with delinquency or default under this Note, and said charges shall be fully earned and non-refundable when accrued. All other charges imposed Bank upon Borrower in connection with this Note and the loan including, without limitation, any commitment fees, loan fees, facility fe origination fees, discount points, default and late charges, prepayment fees, statutory attorneys' fees and reimbursements for costs a expenses paid by Bank to third parties or for damages incurred by Bank and shall be deemed to be charges made to compensate Bank underwriting and administrative services and costs, other services, and costs or losses incurred and to be incurred by Bank in connection w this Note and the loan and shall under no circumstances be deemed to be charges for the use of money. All such charges shall be fully earr and non-refundable when due.

The Bank may, at its option, charge any fees for the modification, renewal, extension, or amendment of any of the terms of the Promissc Note(s) as permitted by applicable law.

In the words "Prime Rate", "Bank Prime Rate", "BB&T Prime Rate", "Bank's Prime Rate" or "BB&T's Prime Rate" are used in this Agreeme they shall refer to the rate announced by the Bank from time to time as its Prime Rate. The Bank makes loans both above and below the Prir Rate and uses indexes other than the Prime Rate. Prime Rate is the name given a rate index used by the Bank and does not in itself constitut representation of any preferred rate or treatment.

Unless otherwise provided herein, it is expressly understood and agreed by and between Borrower(s), Debtor(s)/Grantor(s) and Bank that any all collateral (including but not limited to real property, personal property, fixtures, inventory, accounts, instruments, general intangibl documents, chattel paper, and equipment) given as security to insure faithful performance by Borrower(s) and any other third party of any an obligations to Bank, however created, whether now existing or hereafter arising, shall remain as security for the Promissory Note as modifi hereby.

It is understood and agreed that if Bank has released collateral herein, it shall not be required or obligated to take any further steps to release said collateral from any lien or security interest unless Bank determines, in its sole discretion, that it may do so without consequence to its secured position and relative priority in other collateral; and unless Borrower(s) bears the reasonable cost of such action. No delay or omission on the part of the Bank in exercising any right hereunder shall operate as a waiver of such right or of any other right of the Bank, nor shall any delay, omission or waiver on any one occasion be deemed a bar to or waiver of the same, or of any other right on any further occasion. Each of the parties signing this Agreement regardless of the time, order or place of signing waives presentment, demand, protest, and notices of every kind, and assents to any one or more extensions or postponements of the time of payment or any other indulgences, to any substitutions, exchanges or releases of collateral if at any time there is available to the Bank collateral for the Promissory Note, as amended, and to the additions or releases of any other parties or persons primarily or secondarily liable. Whenever possible the provisions of this Agreement shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Agreement prohibited by or invalid under such law, such provisions shall be ineffective to the extent of any such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Agreement. All rights and obligations arising hereunder shall be governed by and construed in accordance with the laws of the same state which governs the interpretation and enforcement of the Promissory Note.

From and after any event of default under this Agreement, the Promissory Note, or any related deed of trust, security agreement or loan agreement, interest shall accrue on the sum of the principal balance and accrued interest then outstanding at the variable rate equal to the Bank's Prime Rate plus 5% per annum ("Default Rate"), provided that such rate shall not exceed at any time the highest rate of interest permitted by the laws of the District of Columbia; and further that such rate shall apply after judgement. In the event of any default, the then remaining unpaid principal amount and accrued but unpaid interest then outstanding shall bear interest at the Default Rate until such principal and interest have been paid in full. Bank shall not be obligated to accept any check, money order, or other payment instrument marked "payment in full" on any disputed amount due hereunder, and Bank expressly reserves the right to reject all such payment instruments. Borrower agrees that tender of its check or other payment instrument so marked will not satisfy or discharge its obligation under this Note, disputed or otherwise, even if such check or payment instrument is inadvertently processed by Bank unless in fact such payment is in fact sufficient to pay the amount due hereunder.

Unless otherwise required under a Loan Agreement, if applicable, and as long as any indebtedness evidenced by this Promissory Note, as modified by this Agreement remains outstanding or as long as Bank remains obligated to make advances, the undersigned shall furnish annually an updated financial statement in a form satisfactory to Bank, which, when delivered shall be the property of the Bank.

### CREDIT LIFE AND DISABILITY INSURANCE

Subject to certain underwriting criteria and limitations, INDIVIDUAL BORROWERS AND ADDITIONAL CO-MAKERS HAVE THE RIGHT TO REQUEST CREDIT LIFE AND DISABILITY INSURANCE PROTECTION FOR THIS LOAN. One or two Borrowers/Co-makers may be covered by BB&T Credit Life Insurance and one Borrower/Co-maker may be covered by BB&T Credit Disability Insurance. However, the purchase of credit life and credit disability insurance from the Bank is not a condition of obtaining or maintaining this loan.

I, the undersigned, desire the credit insurance with the cost and terms described below and promise to pay the premium of such insurance coverage. I understand that I may cancel this credit insurance at any time. I represent that, to the best of my knowledge, I am in good health and am insurable.

☐ BB&T Type 1: Complete the following:

| CREDIT LIFE INSURANCE | Effective Date | Term in Mos. | Initial Ins. Amount | Credit Life Premium |
|---|---|---|---|---|
| ☐ Single   ☐ Level | | | | |
| ☐ Joint    ☐ Decreasing | _____ | _____ | $ _____ | $ _____ |

CREDIT DISABILITY INSURANCE

| | Monthly Benefit Amount | | Credit Disability Premium |
|---|---|---|---|
| Effective Date and Terms in Mos. Same as Credit Life Insurance Above | $ _____ | | $ _____ |

Credit Disability Insurance is subject to a 14-day elimination period and a 60-month maximum benefit period. Only the Borrower or Co-Maker who signs on the first line under "Signature(s) of Insured" is covered by Credit Disability Insurance.

| Date of Birth | Signature(s) of Insured | Total Credit Life and Disability Insurance Premium |
|---|---|---|
| _____ | _____ | |
| | Signature of Primary Insured | |
| _____ | _____ | $ _____ |
| | Signature of Secondary Insured | |

### (SIGNATURES ON FOLLOWING PAGE)

**BB&T**

## NOTE MODIFICATION SIGNATURE PAGE

Borrower: ___HUDSON RIVER PARTNERS LP___

Account Number: ___9560082298___                    Note Number: ___00002___

Modification Amount: _684,907.98_                    Modification Date: _07/21/2004_

**Notice of Right to Copy of Appraisal:** If a 1-4 family residential dwelling is pledged as collateral for this Agreement, you, the undersigned, have a right to copy of the real estate appraisal report used in connection with your application for credit. You must forward your request to the Bank no later than 90 days after the date of this Agreement. In your request letter, please provide your name, mailing address, appraised property address, the date of this Agreement, and the account and note numbers shown on the front of this Agreement.

IN WITNESS WHEREOF, the undersigned, on the day and year first written above, has caused this instrument to be executed under seal.

### If Borrower is a Corporation:

WITNESS:                                    _____
                                            NAME OF CORPORATION

_____           By: _____ (SEAL)

                                            Title: _____

_____           By: _____ (SEAL

                                            Title: _____

### If Borrower is a Partnership, Limited Liability Company, Limited Liability Partnership or Limited Liability Limited Partnership:

WITNESS:                                    _____
                                            **HUDSON RIVER PARTNERS LP**
                                            NAME OF PARTNERSHIP, LLC, LLP OR LLLP

_____           By: _____ (SEAL)
                                            HUDSON RIVER PARTNERS,INC
                                            MANAGING GENERAL PARTNER
_____           **DOUGLAS P. BENNETT, PRESIDENT**
                                            By: _____ (SEAL)
_____           GENERAL PARTNER OR MANAGER

### If Borrower is an Individual

WITNESS:

_____           _____ (SEAL)

### Additional Borrowers and Debtors/Grantors/Guarantors:

WITNESS:

_____           _____ (SEAL)

                                            DOUGLAS P. BENNETT
_____           _____ (SEAL)

_____           _____ (SEAL)

_____           _____ (SEAL)

_____           _____ (SEAL)

_____           _____ (SEAL)

HUDSON RIVER PARTNERS LP
Address 2884 WOODLAND DR NW

WASHINGTON,DC 20008-2742


**BB&T**

9560082298
Customer Number

00002
Note Number

## NOTE MODIFICATION AGREEMENT

| $ 700,000.00 | 03/13/2002 | $ 684,907.98 | 09/13/2004 |
|---|---|---|---|
| Original Amount of Note | Original Date | Modification Amount | Modification Date |

This Note Modification Agreement (hereinafter Agreement) is made and entered into this ___13th___ day of ___September, 2004___ by and between HUDSON RIVER PARTNERS LP _____

maker(s), co-maker(s), endorser(s), or other obligor(s) on the Promissory Note (as defined below), hereinafter also referred to jointly and severally as Borrower(s); Branch Banking and Trust Company, a North Carolina banking corporation, hereinafter referred to as Bank; and _____

owners other than Borrower(s) (if any) of any property pledged to secure performance of Borrower(s)'s obligations to Bank, hereinafter referred jointly and severally as Debtor(s)/Grantor(s).

Witnesseth: Whereas, Borrower(s) has previously executed a Promissory Note payable to Bank, which Promissory Note includes the origin Promissory Note and all renewals, extensions and modifications thereof, collectively "Promissory Note", said Promissory Note being more particular identified by description of the original note above; and Borrower(s) and Bank agree that said Promissory Note be modified only to the limited exter as is hereinafter set forth; that all other terms, conditions, and covenants of said Promissory Note remain in full force and effect, and that all othe obligations and covenants of Borrower(s), except as herein modified, shall remain in full force and effect, and binding between Borrower(s) and Bank and Whereas Debtor(s)/Grantor(s), if different from Borrower(s), has agreed to the terms of this modification; NOW THEREFORE, in mutu consideration of the premises, the sum of Ten Dollars ($10) and other good and valuable consideration, each to the other parties paid , the partie hereto agree that said Promissory Note is amended as hereinafter described:

☐ Borrower shall pay a prepayment penalty as set forth in the Prepayment Penalty Addendum attached hereto.

INTEREST RATE, PRINCIPAL AND INTEREST PAYMENT TERM MODIFICATIONS (To the extent no change is made, existing terms continue. Sections not completed are deleted.)

Interest shall accrue from the date hereof on the unpaid principal balance outstanding from time to time at the:

☐ Fixed Rate of _____ % per annum.

☒ Variable rate of the Bank's Prime Rate plus _2.250_ % per annum to be adjusted _____ Daily _____ as the Bank's Prime Rate changes.

☐ As of the Modification Date, any fixed, floating, or average maximum rate and fixed minimum rate in effect by virtue of the Promissory Note(s) are hereby deleted. If checked here ☐ ,the interest rate will not exceed a(n) ☒ fixed ☐ average maximum rate of _____ % or a ☐ floating maximum rate of the greater of _____ % or the Bank's Prime Rate; and the interest rate will not decrease below a fixed minimum rate of _____ %. If an average maximum rate is specified, a determination of any required reimbursement of interest by Bank will be made: ☐ when the Note is repaid in full by Borrower ☐ annually beginning on _____ .

☐ _____

**Principal and interest are payable as follows:**

☐ Principal (plus any accrued interest not otherwise scheduled herein) _____

☒ Principal plus accrued interest } is due in full at maturity on 10/20/2004 _____

☐ Payable in consecutive _____ installments of { Principal ☐
{ Principal and interest ☐ } commencing on _____

and continuing on the same day of each calendar period thereafter, in _____ equal payments of $ _____ , with one final payment of all remaining principal and accrued interest due on _____ .

☐ ChoiceLine Payment Option: 2% of outstanding balance is payable monthly commencing on _____
and continuing on the same day of each month thereafter, with one final payment of all remaining principal and accrued interest due on _____

☐ Accrued interest is payable _____ commencing on _____ and continuing on the same day of each calendar period thereafter, with one final payment of all remaining interest due on _____

☐ Bank reserves the right in its sole discretion to adjust the fixed payment due hereunder _____ on _____ and continuing on the same day of each calendar period thereafter, in order to maintain an amortization period of no more than _____ months from the date of this Note. Borrower understands the payment may increase if interest rates increase.

☐ Prior to an event of default, Borrower may borrow, repay, and reborrow pursuant to the terms of a Loan Agreement dated _____ between Borrower and Bank.

☐ _____

☐ Borrower(s) hereby authorizes Bank to automatically debit from its demand deposit or savings account(s) with Bank, any payment(s) due under this Note on date(s) due.

The following scheduled payments is (are) deferred:

☐ $ _____ principal
☐ $ _____ interest
☐ $ _____ principal and interest } payment(s) due on _____

is (are) hereby deferred. Payments will resume on _____ according to the schedule contained herein or to the existing schedule (if no other changes are made herein).

*ACCOUNT# / NOTE#*
9560082298    00002



1373PC (0011)

The Borrower(s) promises to pay Bank, or order, a late fee in the amount of five percent (5%) of any installment past due for ten (10) or mor
days. Where any installment payment is past due for ten (10) or more days, subsequent payments shall first be applied to the past due balanc
In addition, the undersigned shall pay to bank a returned payment fee if the undersigned or any other obligor hereon makes any payment at an
time by check or other instrument, or by any electronic means, which is returned to Bank because of nonpayment due to nonsufficient funds.

COLLATERAL: ☐ The Promissory Note, as modified, and the performance of the terms of any agreement or instrument relating to, evidencing,
securing the Promissory Note, as modified, shall be additionally secured by collateral hereinafter described, a new security instrument shall
executed by Borrower(s), and/or Debtor(s)/Grantor(s), and all other steps necessary to perfect or record the Bank's lien with priority acceptable
Bank shall be taken.

Date: _____     Type of Agreement: _____

From: _____

Date: _____     Type of Agreement: _____

From: _____

Date: _____     Type of Agreement: _____

From: _____

Date: _____     Type of Agreement: _____

From: _____

Date: _____     Type of Agreement: _____

From: _____

☐ _____

_____

☐ The collateral hereinafter described shall be and hereby is deleted as security interest for payment of the aforesaid Promissory Note:

_____

_____

OTHER: _____

If the Promissory Note being modified by this Agreement is signed by more than one person or entity, the modified Promissory Note shall be t
joint and several obligation of all signers and the property and liability of each and all of them. It is expressly understood and agreed that th
Agreement is a modification only and not a novation. The original obligation of the Borrower(s) as evidenced by the Promissory Note abo
described is not extinguished hereby. It is also understood and agreed that except for the modification(s) contained herein said Promissory Not
and any other Loan Documents or Agreements evidencing, securing or relating to the Promissory Note and all singular terms and conditio
thereof, shall be and remain in full force and effect. This Agreement shall not release or affect the liability of any co-makers, obligors, endorse
or guarantors of said Promissory Note. Borrower and Debtor(s)/Grantor(s), if any, jointly and severally consent to the terms of this Agreeme
waive any objection thereto, affirm any and all obligations to Bank and certify that there are no defenses or offsets against said obligations or t
Bank, including without limitation the Promissory Note. Bank expressly reserves all rights as to any party with right of recourse on the aforesa
Promissory Note.

In the event periodic accruals of interest shall exceed any periodic fixed payment amount described above, the fixed payment amount shall
immediately increased or supplemental interest payments required on the same periodic basis as specified above (increased fixed payments
supplemental payments to be determined in the Bank's sole discretion), in such amounts and at such times as shall be necessary to pay
accruals of interest for the period and all accruals of unpaid interest from previous periods. Such adjustments to the fixed payment amount
further adjusted upward or downward to reflect changes in any variable interest rate based on an index such as the Bank's Prime Rate; provid
supplemental payments shall remain in effect for so long as any interest accruals shall exceed the original fixed payment amount and shall
that unless elected otherwise above, the fixed payment amount shall not be reduced below the original fixed payment amount. However, Ba
shall have the right, in its sole discretion, to lower the fixed payment amount below the original payment amount. Notwithstanding any ot
provision contained in this agreement, in no event shall the provisions of this paragraph be applicable to any Promissory Note which requi
disclosures pursuant to the Consumer Protection Act (Truth-in-Lending Act), 15 USC § 1601, et seq., as implemented by Regulation Z.

Borrower agrees that the only interest charge is the interest actually stated in this Note, and that any loan or origination fee shall
deemed charges rather than interest, which charges are fully earned and non-refundable. It is further agreed that any late charges are no
charge for the use of money but are imposed to compensate Bank for some of the administrative services, costs and losses associated with a
delinquency or default under this Note, and said charges shall be fully earned and non-refundable when accrued. All other charges imposed
Bank upon Borrower in connection with this Note and the loan including, without limitation, any commitment fees, loan fees, facility fe
origination fees, discount points, default and late charges, prepayment fees, statutory attorneys' fees and reimbursements for costs a
expenses paid by Bank to third parties or for damages incurred by Bank are and shall be deemed to be charges made to compensate Bank
underwriting and administrative services and costs, other services, and costs or losses incurred and to be incurred by Bank in connection w
this Note and the loan and shall under no circumstances be deemed to be charges for the use of money. All such charges shall be fully earr
and non-refundable when due.

The Bank may, at its option, charge any fees for the modification, renewal, extension, or amendment of any of the terms of the Promiss
Note(s) as permitted by applicable law.

In the words "Prime Rate", "Bank Prime Rate", "BB&T Prime Rate", "Bank's Prime Rate" or "BB&T's Prime Rate" are used in this Agreeme
they shall refer to the rate announced by the Bank from time to time as its Prime Rate. The Bank makes loans both above and below the Pri
Rate and uses indexes other than the Prime Rate. Prime Rate is the name given a rate index used by the Bank and does not in itself constitu
representation of any preferred rate or treatment.

Unless otherwise provided herein, it is expressly understood and agreed by and between Borrower(s), Debtor(s)/Grantor(s) and Bank that any
all collateral (including but not limited to real property, personal property, fixtures, inventory, accounts, instruments, general intangibl
documents, chattel paper, and equipment) given as security to insure faithful performance by Borrower(s) and any other third party of any and
obligations to Bank, however created, whether now existing or hereafter arising, shall remain as security for the Promissory Note as modifi
hereby.

It is understood and agreed that if Bank has released collateral herein, it shall not be required or obligated to take any further steps to release said collateral from any lien or security interest unless Bank determines, in its sole discretion, that it may do so without consequence to its secured position and relative priority in other collateral; and unless Borrower(s) bears the reasonable cost of such action. No delay or omission on the part of the Bank in exercising any right hereunder shall operate as a waiver of such right or of any other right of the Bank, nor shall any delay, omission or waiver on any one occasion be deemed a bar to or waiver of the same, or of any other right on any further occasion. Each of the parties signing this Agreement regardless of the time, order or place of signing waives presentment, demand, protest, and notices of every kind, and assents to any one or more extensions or postponements of the time of payment or any other indulgences, to any substitutions, exchanges or releases of collateral if at any time there is available to the Bank collateral for the Promissory Note, as amended, and to the additions or releases of any other parties or persons primarily or secondarily liable. Whenever possible the provisions of this Agreement shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Agreement prohibited by or invalid under such law, such provisions shall be ineffective to the extent of any such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Agreement. All rights and obligations arising hereunder shall be governed by and construed in accordance with the laws of the same state which governs the interpretation and enforcement of the Promissory Note.

From and after any event of default under this Agreement, the Promissory Note, or any related deed of trust, security agreement or loan agreement, interest shall accrue on the sum of the principal balance and accrued interest then outstanding at the variable rate equal to the Bank's Prime Rate plus 5% per annum ("Default Rate"), provided that such rate shall not exceed at any time the highest rate of interest permitted by the laws of the District of Columbia; and further that such rate shall apply after judgement. In the event of any default, the then remaining unpaid principal amount and accrued but unpaid interest then outstanding shall bear interest at the Default Rate until such principal and interest have been paid in full. Bank shall not be obligated to accept any check, money order, or other payment instrument marked "payment in full" on any disputed amount due hereunder, and Bank expressly reserves the right to reject all such payment instruments. Borrower agrees that tender of its check or other payment instrument so marked will not satisfy or discharge its obligation under this Note, disputed or otherwise, even if such check or payment instrument is inadvertently processed by Bank unless in fact such payment is in fact sufficient to pay the amount due hereunder.

Unless otherwise required under a Loan Agreement, if applicable, and as long as any indebtedness evidenced by this Promissory Note, as modified by this Agreement remains outstanding or as long as Bank remains obligated to make advances, the undersigned shall furnish annually an updated financial statement in a form satisfactory to Bank, which, when delivered shall be the property of the Bank.

---

### CREDIT LIFE AND DISABILITY INSURANCE

Subject to certain underwriting criteria and limitations, INDIVIDUAL BORROWERS AND ADDITIONAL CO-MAKERS HAVE THE RIGHT TO REQUEST CREDIT LIFE AND DISABILITY INSURANCE PROTECTION FOR THIS LOAN. One or two Borrowers/Co-makers may be covered by BB&T Credit Life Insurance and one Borrower/Co-maker may be covered by BB&T Credit Disability Insurance. However, the purchase of credit life and credit disability insurance from the Bank is not a condition of obtaining or maintaining this loan.

I, the undersigned, desire the credit insurance with the cost and terms described below and promise to pay the premium of such insurance coverage. I understand that I may cancel this credit insurance at any time. I represent that, to the best of my knowledge, I am in good health and am insurable.

☐ BB&T Type 1: Complete the following:

| CREDIT LIFE INSURANCE | Effective Date | Term in Mos. | Initial Ins. Amount | Credit Life Premium |
|---|---|---|---|---|
| ☐ Single  ☐ Level | | | | |
| ☐ Joint  ☐ Decreasing | _____ | _____ | $ _____ | $ _____ |

| CREDIT DISABILITY INSURANCE | Monthly Benefit Amount | Credit Disability Premium |
|---|---|---|
| Effective Date and Terms in Mos. | | |
| Same as Credit Life Insurance Above | $ _____ | $ _____ |

Credit Disability Insurance is subject to a 14-day elimination period and a 60-month maximum benefit period. Only the Borrower or Co-Maker who signs on the first line under "Signature(s) of Insured" is covered by Credit Disability Insurance.

Date of Birth                Signature(s) of Insured                Total Credit Life and Disability
                                                                              Insurance Premium

_____        _____

                              Signature of Primary Insured

_____        _____        $ _____

                              Signature of Secondary Insured

**(SIGNATURES ON FOLLOWING PAGE)**

**BB&T**

## NOTE MODIFICATION SIGNATURE PAGE

Borrower: ___HUDSON RIVER PARTNERS LP___

Account Number: ___9560082298___

Modification Amount: ___684,907.98___

Note Number: ___00002___

Modification Date: ___09/13/2004___

**Notice of Right to Copy of Appraisal:** If a 1-4 family residential dwelling is pledged as collateral for this Agreement, you, the undersigned, have a right to copy of the real estate appraisal report used in connection with your application for credit. You must forward your request to the Bank no later than 90 days after the date of this Agreement. In your request letter, please provide your name, mailing address, appraised property address, the date of this Agreement, and the account and note numbers shown on the front of this Agreement.

IN WITNESS WHEREOF, the undersigned, on the day and year first written above, has caused this instrument to be executed under seal.

### If Borrower is a Corporation:

WITNESS:

_____        NAME OF CORPORATION

_____    By: _____ (SEAL)

                                     Title: _____

                                     By: _____ (SEAL

                                     Title: _____

### If Borrower is a Partnership, Limited Liability Company, Limited Liability Partnership or Limited Liability Limited Partnership:

WITNESS:                             HUDSON RIVER PARTNERS LP
                                     NAME OF PARTNERSHIP, LLC, LLP OR LLLP

_____   By: _____ (SEAL)
                                     Hudson River Partners, Inc.
                                     Managing General Partner       (SEAL)
                                                    GENERAL PARTNER OR MANAGER
                                     Douglas P. Bennett, President
                                     By: _____ (SEAL)
                                                    GENERAL PARTNER OR MANAGER

### If Borrower is an Individual

WITNESS:

_____   _____ (SEAL)

### Additional Borrowers and Debtors/Grantors/Guarantors:

WITNESS:

_____   _____ (SEAL)

_____   _____ (SEAL)

_____   _____ (SEAL)

_____   _____ (SEAL)

_____   _____ (SEAL)

_____   _____ (SEAL)

BORROWER PARTNERSHIP
Address 2884 WOODLAND DR NW
WASHINGTON,DC 20008-2742

**BB&T**

9560082298
Customer Number

00002
Note Number

## NOTE MODIFICATION AGREEMENT

| $ 700,000.00 | 03/13/2002 | $ 684,907.98 | 07/21/2004 |
|---|---|---|---|
| Original Amount of Note | Original Date | Modification Amount | Modification Date |

This Note Modification Agreement (hereinafter Agreement) is made and entered into this ___21st___ day of ___July, 2004___ by and between HUDSON RIVER PARTNERS LP

maker(s), co-maker(s), endorser(s), or other obligor(s) on the Promissory Note (as defined below), hereinafter also referred to jointly and severally as Borrower(s); Branch Banking and Trust Company, a North Carolina banking corporation, hereinafter referred to as Bank; and _____

owners other than Borrower(s) (if any) of any property pledged to secure performance of Borrower(s)'s obligations to Bank, hereinafter referred to jointly and severally as Debtor(s)/Grantor(s).

Witnesseth: Whereas, Borrower(s) has previously executed a Promissory Note payable to Bank, which Promissory Note includes the original Promissory Note and all renewals, extensions and modifications thereof, collectively "Promissory Note", said Promissory Note being more particularly identified by description of the original note above; and Borrower(s) and Bank agree that said Promissory Note be modified only to the limited extent as is hereinafter set forth; that all other terms, conditions, and covenants of said Promissory Note remain in full force and effect, and that all other obligations and covenants of Borrower(s), except as herein modified, shall remain in full force and effect, and binding between Borrower(s) and Bank; and Whereas Debtor(s)/Grantor(s), if different from Borrower(s), has agreed to the terms of this modification; NOW THEREFORE, in mutual consideration of the premises, the sum of Ten Dollars ($10) and other good and valuable consideration, each to the other parties paid , the parties hereto agree that said Promissory Note is amended as hereinafter described:

☐ Borrower shall pay a prepayment penalty as set forth in the Prepayment Penalty Addendum attached hereto.

INTEREST RATE, PRINCIPAL AND INTEREST PAYMENT TERM MODIFICATIONS (To the extent no change is made, existing terms continue. Sections not completed are deleted.)

Interest shall accrue from the date hereof on the unpaid principal balance outstanding from time to time at the:

☐ Fixed Rate of _____ % per annum.

☒ Variable rate of the Bank's Prime Rate plus 2.250 % per annum to be adjusted _____ Daily _____ as the Bank's Prime Rate changes.

☐ As of the Modification Date, any fixed, floating, or average maximum rate and fixed minimum rate in effect by virtue of the Promissory Note(s) are hereby deleted. If checked here ☐ ,the interest rate will not exceed a(n) ☒ fixed ☐ average maximum rate of _____ % or a ☐ floating maximum rate of the greater of _____ % or the Bank's Prime Rate; and the interest rate will not decrease below a fixed minimum rate of _____ %. If an average maximum rate is specified, a determination of any required reimbursement of interest by Bank will be made: ☐ when the Note is repaid in full by Borrower ☐ annually beginning on _____ .

☐

**Principal and interest are payable as follows:**

☐ Principal (plus any accrued interest not otherwise scheduled herein) ⎫
☒ Principal plus accrued interest                                         ⎬ is due in full at maturity on 08/20/2004
☐ Payable in consecutive _____ installments of ☐ Principal ⎫ commencing on _____
                                                  ☐ Principal and interest ⎬

and continuing on the same day of each calendar period thereafter, in _____ equal payments of $_____ , with one final payment of all remaining principal and accrued interest due on _____ .

☐ ChoiceLine Payment Option: 2% of outstanding balance is payable monthly commencing on _____ and continuing on the same day of each month thereafter, with one final payment of all remaining principal and accrued interest due on _____ .

☐ Accrued interest is payable _____ commencing on _____ and continuing on the same day of each calendar period thereafter, with one final payment of all remaining interest due on _____ .

☐ Bank reserves the right in its sole discretion to adjust the fixed payment due hereunder _____ on _____ and continuing on the same day of each calendar period thereafter, in order to maintain an amortization period of no more than _____ months from the date of this Note. Borrower understands the payment may increase if interest rates increase.

☐ Prior to an event of default, Borrower may borrow, repay, and reborrow pursuant to the terms of a Loan Agreement dated _____ between Borrower and Bank.

☐

☐ Borrower(s) hereby authorizes Bank to automatically debit from its demand deposit or savings account(s) with Bank, any payment(s) due under this Note on date(s) due.

The following scheduled payment(s) is (are) deferred:

☐ $_____ principal
☐ $_____ interest          ⎫ payment(s) due on _____
☐ $_____ principal and interest ⎬

is (are) hereby deferred. Payments will resume on _____ according to the schedule contained herein or to the existing schedule (if no other changes are made herein).

*ACCOUNT# / NOTE#*
9560082298    00002



The Borrower(s) promises to pay Bank, or order, a late fee in the amount of five percent (5%) of any installment past due for ten (10) or mo
days. Where any installment payment is past due for ten (10) or more days, subsequent payments shall first be applied to the past due balanc
In addition, the undersigned shall pay to bank a returned payment fee if the undersigned or any other obligor hereon makes any payment at an
time by check or other instrument, or by any electronic means, which is returned to Bank because of nonpayment due to nonsufficient funds.

COLLATERAL: ☐ The Promissory Note, as modified, and the performance of the terms of any agreement or instrument relating to, evidencing,
securing the Promissory Note, as modified, shall be additionally secured by collateral hereinafter described, a new security instrument shall l
executed by Borrower(s), and/or Debtor(s)/Grantor(s), and all other steps necessary to perfect or record the Bank's lien with priority acceptable
Bank shall be taken.

Date: _____ Type of Agreement: _____
_____
From: _____

Date: _____ Type of Agreement: _____
_____
From: _____

Date: _____ Type of Agreement: _____
_____
From: _____

Date: _____ Type of Agreement: _____
_____
From: _____

Date: _____ Type of Agreement: _____
_____
From: _____

☐ _____
_____

☐ The collateral hereinafter described shall be and hereby is deleted as security interest for payment of the aforesaid Promissory Note:
_____
_____

OTHER: _____

If the Promissory Note being modified by this Agreement is signed by more than one person or entity, the modified Promissory Note shall be th
joint and several obligation of all signers and the property and liability of each and all of them. It is expressly understood and agreed that th
Agreement is a modification only and not a novation. The original obligation of the Borrower(s) as evidenced by the Promissory Note abov
described is not extinguished hereby. It is also understood and agreed that except for the modification(s) contained herein said Promissory Not
and any other Loan Documents or Agreements evidencing, securing or relating to the Promissory Note and all singular terms and condition
thereof, shall be and remain in full force and effect. This Agreement shall not release or affect the liability of any co-makers, obligors, endorse
or guarantors of said Promissory Note. Borrower and Debtor(s)/Grantor(s), if any, jointly and severally consent to the terms of this Agreemer
waive any objection thereto, affirm any and all obligations to Bank and certify that there are no defenses or offsets against said obligations or th
Bank, including without limitation the Promissory Note. Bank expressly reserves all rights as to any party with right of recourse on the aforesa
Promissory Note.

In the event periodic accruals of interest shall exceed any periodic fixed payment amount described above, the fixed payment amount shall I
immediately increased or supplemental interest payments required on the same periodic basis as specified above (increased fixed payments
supplemental payments to be determined in the Bank's sole discretion), in such amounts and at such times as shall be necessary to pay
accruals of interest for the period and all accruals of unpaid interest from previous periods. Such adjustments to the fixed payment amount
supplemental payments shall remain in effect for so long as any interest accruals shall exceed the original fixed payment amount and shall l
further adjusted upward or downward to reflect changes in any variable interest rate based on an index such as the Bank's Prime Rate; provid
that unless elected otherwise above, the fixed payment amount shall not be reduced below the original fixed payment amount. However, Bai
shall have the right, in its sole discretion, to lower the fixed payment amount below the original payment amount. Notwithstanding any oth
provision contained in this agreement, in no event shall the provisions of this paragraph be applicable to any Promissory Note which requir
disclosures pursuant to the Consumer Protection Act (Truth-in-Lending Act), 15 USC § 1601, et seq., as implemented by Regulation Z.

Borrower agrees that the only interest charge is the interest actually stated in this Note, and that any loan or origination fee shall
deemed charges rather than interest, which charges are fully earned and non-refundable. It is further agreed that any late charges are not
charge for the use of money but are imposed to compensate Bank for some of the administrative services, costs and losses associated with a
delinquency or default under this Note, and said charges shall be fully earned and non-refundable when accrued. All other charges imposed
Bank upon Borrower in connection with this Note and the loan including, without limitation, any commitment fees, loan fees, facility fee
origination fees, discount points, default and late charges, prepayment fees, statutory attorneys' fees and reimbursements for costs a
expenses paid by Bank to third parties or for damages incurred by Bank are and shall be deemed to be charges made to compensate Bank l
underwriting and administrative services and costs, other services, and costs or losses incurred and to be incurred by Bank in connection wi
this Note and the loan and shall under no circumstances be deemed to be charges for the use of money. All such charges shall be fully earn
and non-refundable when due.

The Bank may, at its option, charge any fees for the modification, renewal, extension, or amendment of any of the terms of the Promissc
Note(s) as permitted by applicable law.

In the words "Prime Rate", "Bank Prime Rate", "BB&T Prime Rate", "Bank's Prime Rate" or "BB&T's Prime Rate" are used in this Agreemer
they shall refer to the rate announced by the Bank from time to time as its Prime Rate. The Bank makes loans both above and below the Prir
Rate and uses indexes other than the Prime Rate. Prime Rate is the name given a rate index used by the Bank and does not in itself constitute
representation of any preferred rate or treatment.

Unless otherwise provided herein, it is expressly understood and agreed by and between Borrower(s), Debtor(s)/Grantor(s) and Bank that any a
all collateral (including but not limited to real property, personal property, fixtures, inventory, accounts, instruments, general intangible
documents, chattel paper, and equipment) given as security to insure faithful performance by Borrower(s) and any other third party of any and
obligations to Bank, however created, whether now existing or hereafter arising, shall remain as security for the Promissory Note as modifi
hereby.

1373DC-(0311)

It is understood and agreed that if Bank has released collateral wherein it shall not be required or obligated to take any further steps to release said collateral from any lien or security interest unless Bank determines, in its sole discretion, that it may do so without consequence to its secured position and relative priority in other collateral; and unless Borrower(s) bears the reasonable cost of such action. No delay or omission on the part of the Bank in exercising any right hereunder shall operate as a waiver of such right or of any other right of the Bank, nor shall any delay, omission or waiver on any one occasion be deemed a bar to or waiver of the same, or of any other right on any further occasion. Each of the parties signing this Agreement regardless of the time, order or place of signing waives presentment, demand, protest, and notices of every kind, and assents to any one or more extensions or postponements of the time of payment or any other indulgences, to any substitutions, exchanges or releases of collateral if at any time there is available to the Bank collateral for the Promissory Note, as amended, and to the additions or releases of any other parties or persons primarily or secondarily liable. Whenever possible the provisions of this Agreement shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Agreement prohibited by or invalid under such law, such provisions shall be ineffective to the extent of any such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Agreement. All rights and obligations arising hereunder shall be governed by and construed in accordance with the laws of the same state which governs the interpretation and enforcement of the Promissory Note.

From and after any event of default under this Agreement, the Promissory Note, or any related deed of trust, security agreement or loan agreement, interest shall accrue on the sum of the principal balance and accrued interest then outstanding at the variable rate equal to the Bank's Prime Rate plus 5% per annum ("Default Rate"), provided that such rate shall not exceed at any time the highest rate of interest permitted by the laws of the District of Columbia; and further that such rate shall apply after judgement. In the event of any default, the then remaining unpaid principal amount and accrued but unpaid interest then outstanding shall bear interest at the Default Rate until such principal and interest have been paid in full. Bank shall not be obligated to accept any check, money order, or other payment instrument marked "payment in full" on any disputed amount due hereunder, and Bank expressly reserves the right to reject all such payment instruments. Borrower agrees that tender of its check or other payment instrument so marked will not satisfy or discharge its obligation under this Note, disputed or otherwise, even if such check or payment instrument is inadvertently processed by Bank unless in fact such payment is in fact sufficient to pay the amount due hereunder.

Unless otherwise required under a Loan Agreement, if applicable, and as long as any indebtedness evidenced by this Promissory Note, as modified by this Agreement remains outstanding or as long as Bank remains obligated to make advances, the undersigned shall furnish annually an updated financial statement in a form satisfactory to Bank, which, when delivered shall be the property of the Bank.

---

### CREDIT LIFE AND DISABILITY INSURANCE

Subject to certain underwriting criteria and limitations, INDIVIDUAL BORROWERS AND ADDITIONAL CO-MAKERS HAVE THE RIGHT TO REQUEST CREDIT LIFE AND DISABILITY INSURANCE PROTECTION FOR THIS LOAN. One or two Borrowers/Co-makers may be covered by BB&T Credit Life Insurance and one Borrower/Co-maker may be covered by BB&T Credit Disability Insurance. However, the purchase of credit life and credit disability insurance from the Bank is not a condition of obtaining or maintaining this loan.

I, the undersigned, desire the credit insurance with the cost and terms described below and promise to pay the premium of such insurance coverage. I understand that I may cancel this credit insurance at any time. I represent that, to the best of my knowledge, I am in good health and am insurable.

[ ] BB&T Type 1: Complete the following:

CREDIT LIFE INSURANCE   Effective Date   Term in Mos.   Initial Ins. Amount   Credit Life Premium

[ ] Single      [ ] Level
[ ] Joint       [ ] Decreasing    _____   _____   $ _____   $ _____

CREDIT DISABILITY INSURANCE                          Monthly Benefit Amount                    Credit Disability Premium
Effective Date and Terms in Mos.
Same as Credit Life Insurance Above    $ _____   $ _____

Credit Disability Insurance is subject to a 14-day elimination period and a 60-month maximum benefit period. Only the Borrower or Co-Maker who signs on the first line under "Signature(s) of Insured" is covered by Credit Disability Insurance.

Date of Birth              Signature(s) of Insured                    Total Credit Life and Disability
                                                                       Insurance Premium

_____    _____
                  Signature of Primary Insured

_____    _____    $ _____
                  Signature of Secondary Insured

---

(SIGNATURES ON FOLLOWING PAGE)

**BB&T**

## NOTE MODIFICATION SIGNATURE PAGE

Borrower: ___HUDSON RIVER PARTNERS LP_____

Account Number: ___9560082298_____    Note Number: ____00002_____

Modification Amount: __684,907.98_____    Modification Date: _07/21/2004____

**Notice of Right to Copy of Appraisal:** If a 1-4 family residential dwelling is pledged as collateral for this Agreement, you, the undersigned, have a right to copy of the real estate appraisal report used in connection with your application for credit. You must forward your request to the Bank no later than 90 days after the date of this Agreement. In your request letter, please provide your name, mailing address, appraised property address, the date of this Agreement, and the account and note numbers shown on the front of this Agreement.

IN WITNESS WHEREOF, the undersigned, on the day and year first written above, has caused this instrument to be executed under seal.

### If Borrower is a Corporation:

WITNESS:

_____    NAME OF CORPORATION

_____    By: _____ (SEAL)

                                    Title: _____

                                    By: _____ (SEAL)

                                    Title: _____

### If Borrower is a Partnership, Limited Liability Company, Limited Liability Partnership or Limited Liability Limited Partnership:

WITNESS:                            HUDSON RIVER PARTNERS LP

_____    NAME OF PARTNERSHIP, LLC, LLP OR LLLP

_____    By: _Douglas P. Bennett_____ (SEAL)
                                    Hudson River Partners, Inc.
_____    Managing General Partner
                                    By: Douglas P. Bennett, President (SEAL)
_____    GENERAL PARTNER OR MANAGER

### If Borrower is an Individual

WITNESS:

_____    _____ (SEAL)

### Additional Borrowers and Debtors/Grantors/Guarantors:

WITNESS:

_____    _____ (SEAL)

_____    _____ (SEAL)

_____    _____ (SEAL)

_____    _____ (SEAL)

_____    _____ (SEAL)

_____    _____ (SEAL)

1373DC (03/11)

Maker HUDSON RIVER PARTNERS LP

Address PO BOX 59316    674 Thayer Road

POTOMAC, MD 20859-0000    West Point, N.Y. 10996

9560082298
Customer Number

00002
Note Number



# BB&T

## NOTE MODIFICATION AGREEMENT

| $ 700,000.00 | 03/13/2002 | $ 684,907.98 | 02/18/2005 |
|---|---|---|---|
| Original Amount of Note | Original Date | Modification Amount | Modification Date |

This Note Modification Agreement (hereinafter Agreement) is made and entered into this ____18th____ day of ____February, 2005____ , by and between HUDSON RIVER PARTNERS LP _____ , maker(s), co-maker(s), endorser(s), or other obligor(s) on the Promissory Note (as defined below), hereinafter also referred to jointly and severally as Borrower(s); Branch Banking and Trust Company, a North Carolina banking corporation, hereinafter referred to as Bank; and _____

owners other than Borrower(s) (if any) of any property pledged to secure performance of Borrower(s)'s obligations to Bank, hereinafter referred to jointly and severally as Debtor(s)/Grantor(s).

**Witnesseth:** Whereas, Borrower(s) has previously executed a Promissory Note payable to Bank, which Promissory Note includes the original Promissory Note and all renewals, extensions and modifications thereof, collectively "Promissory Note", said Promissory Note being more particularly identified by description of the original note above; and Borrower(s) and Bank agree that said Promissory Note be modified only to the limited extent as is hereinafter set forth; that all other terms, conditions, and covenants of said Promissory Note remain in full force and effect, and that all other obligations and covenants of Borrower(s), except as herein modified, shall remain in full force and effect, and binding between Borrower(s) and Bank; and Whereas Debtor(s)/Grantor(s), if different from Borrower(s), has agreed to the terms of this modification; NOW THEREFORE, in mutual consideration of the premises, the sum of Ten Dollars ($10) and other good and valuable consideration, each to the other parties paid , the parties hereto agree that said Promissory Note is amended as hereinafter described:

☐ Borrower shall pay a prepayment penalty as set forth in the Prepayment Penalty Addendum attached hereto.

**INTEREST RATE, PRINCIPAL AND INTEREST PAYMENT TERM MODIFICATIONS (To the extent no change is made, existing terms continue. Sections not completed are deleted.)**

Interest shall accrue from the date hereof on the unpaid principal balance outstanding from time to time at the:

☐ Fixed Rate of _____ % per annum.

☒ Variable rate of the Bank's Prime Rate plus 2.250 % per annum to be adjusted         Daily         as the Bank's Prime Rate changes.

☐ As of the Modification Date, any fixed, floating, or average maximum rate and fixed minimum rate in effect by virtue of the Promissory Note(s) are hereby deleted. If checked here ☐ ,the interest rate will not exceed a(n) ☐ fixed ☐ average maximum rate of _____ % or a ☐ floating maximum rate of the greater of _____ % or the Bank's Prime Rate; and the interest rate will not decrease below a fixed minimum rate of _____ %. If an average maximum rate is specified, a determination of any required reimbursement of interest by Bank will be made: ☐ when the Note is repaid in full by Borrower ☐ annually beginning on _____ .

☐ _____

_____

**Principal and interest are payable as follows:**

☒ Principal (plus any accrued interest not otherwise scheduled herein) } is due in full at maturity on 05/05/2005
☐ Principal plus accrued interest
☐ Payable in consecutive _____ installments of ☐ Principal } commencing on _____ .
                                                          ☐ Principal and interest
and continuing on the same day of each calendar period thereafter, in _____ equal payments of $ _____ , with one final payment of all remaining principal and accrued interest due on _____ .

☐ ChoiceLine Payment Option: 2% of outstanding balance is payable monthly commencing on _____ and continuing on the same day of each month thereafter, with one final payment of all remaining principal and accrued interest due on _____

☒ Accrued interest is payable     Monthly     commencing on March 5, 2005     and continuing on the same day of each calendar period thereafter, with one final payment of all remaining interest due on May 5, 2005

☐ Bank reserves the right in its sole discretion to adjust the fixed payment due hereunder _____ on _____ and continuing on the same day of each calendar period thereafter, in order to maintain an amortization period of no more than _____ months from the date of this Note. Borrower understands the payment may increase if interest rates increase.

☐ Prior to an event of default, Borrower may borrow, repay, and reborrow pursuant to the terms of a Loan Agreement dated _____ between Borrower and Bank.

☐ _____

_____

☐ Borrower hereby authorizes Bank to automatically draft from its demand deposit or savings account(s) with Bank or other bank, any payment(s) due under this Note on the date(s) due. Borrower shall provide appropriate account number(s) for account(s) at Bank or other bank.

The following scheduled payment(s) is (are) deferred:

☐ $ _____ principal
☐ $ _____ interest
☐ $ _____ principal and interest } payment(s) due on _____

is (are) hereby deferred. Payments will resume on _____ according to the schedule contained herein or to the existing schedule (if no other changes are made herein).

*ACCOUNT# / NOTE#*
9560082298    00002

The Borrower(s) promises to pay Bank, or order, a late fee in the amount of five percent (5%) of any installment past due for ten (10) or more days. Where any installment payment is past due for ten (10) or more days, subsequent payments shall first be applied to the past due balance. In addition, the undersigned shall pay to bank a returned payment fee if the undersigned or any other obligor hereon makes any payment at any time by check or other instrument, or by any electronic means, which is returned to Bank because of nonpayment due to nonsufficient funds.

COLLATERAL: ☐  The Promissory Note, as modified, and the performance of the terms of any agreement or instrument relating to, evidencing, or securing the Promissory Note, as modified, shall be additionally secured by collateral hereinafter described, a new security instrument shall be executed by Borrower(s), and/or Debtor(s)/Grantor(s), and all other steps necessary to perfect or record the Bank's lien with priority acceptable to Bank shall be taken.

Date: _____  Type of Agreement: _____

From: _____

Date: _____  Type of Agreement: _____

From: _____

Date: _____  Type of Agreement: _____

From: _____

Date: _____  Type of Agreement: _____

From: _____

Date: _____  Type of Agreement: _____

From: _____

☐ _____
_____
_____

☐ The collateral hereinafter described shall be and hereby is deleted as security interest for payment of the aforesaid Promissory Note:

_____
_____
_____

OTHER: _____

If the Promissory Note being modified by this Agreement is signed by more than one person or entity, the modified Promissory Note shall be the joint and several obligation of all signers and the property and liability of each and all of them. It is expressly understood and agreed that this Agreement is a modification only and not a novation. The original obligation of the Borrower(s) as evidenced by the Promissory Note above described is not extinguished hereby. It is also understood and agreed that except for the modification(s) contained herein said Promissory Note, and any other Loan Documents or Agreements evidencing, securing or relating to the Promissory Note and all singular terms and conditions thereof, shall be and remain in full force and effect. This Agreement shall not release or affect the liability of any co-makers, obligors, endorsers or guarantors of said Promissory Note. Borrower and Debtor(s)/Grantor(s), if any, jointly and severally consent to the terms of this Agreement, waive any objection thereto, affirm any and all obligations to Bank and certify that there are no defenses or offsets against said obligations or the Bank, including without limitation the Promissory Note. Bank expressly reserves all rights as to any party with right of recourse on the aforesaid Promissory Note.

In the event periodic accruals of interest shall exceed any periodic fixed payment amount described above, the fixed payment amount shall be immediately increased or supplemental interest payments required on the same periodic basis as specified above (increased fixed payments or supplemental payments to be determined in the Bank's sole discretion), in such amounts and at such times as shall be necessary to pay all accruals of interest for the period and all accruals of unpaid interest from previous periods. Such adjustments to the fixed payment amount or supplemental payments shall remain in effect for so long as any interest accruals shall exceed the original fixed payment amount and shall be further adjusted upward or downward to reflect changes in any variable interest rate based on an index such as the Bank's Prime Rate; provided that unless elected otherwise above, the fixed payment amount shall not be reduced below the original fixed payment amount. However, Bank shall have the right, in its sole discretion, to lower the fixed payment amount below the original payment amount. Notwithstanding any other provision contained in this agreement, in no event shall the provisions of this paragraph be applicable to any Promissory Note which requires disclosures pursuant to the Consumer Protection Act (Truth-in-Lending Act), 15 USC § 1601, et seq., as implemented by Regulation Z.

Borrower agrees that the only interest charge is the interest actually stated in this Note, and that any loan or origination fee shall be deemed charges rather than interest, which charges are fully earned and non-refundable. It is further agreed that any late charges are not a charge for the use of money but are imposed to compensate Bank for some of the administrative services, costs and losses associated with any delinquency or default under this Note, and said charges shall be fully earned and non-refundable when accrued. All other charges imposed by Bank upon Borrower in connection with this Note and the loan including, without limitation, any commitment fees, loan fees, facility fees, origination fees, discount points, default and late charges, prepayment fees, statutory attorneys' fees and reimbursements for costs and expenses paid by Bank to third parties or for damages incurred by Bank are and shall be deemed to be charges made to compensate Bank for administrative services and costs, other services, and costs or losses incurred and to be incurred by Bank in connection with this Note and the loan and shall under no circumstances be deemed to be charges for the use of money. All such charges shall be fully earned and non-refundable when due.

The Bank may, at its option, charge any fees for the modification, renewal, extension, or amendment of any of the terms of the Promissory Note(s) as permitted by applicable law.

In the words "Prime Rate", "Bank Prime Rate", "BB&T Prime Rate", "Bank's Prime Rate" or "BB&T's Prime Rate" are used in this Agreement, they shall refer to the rate announced by the Bank from time to time as its Prime Rate. The Bank makes loans both above and below the Prime Rate and uses indexes other than the Prime Rate. Prime Rate is the name given a rate index used by the Bank and does not in itself constitute a representation of any preferred rate or treatment.

Unless otherwise provided herein, it is expressly understood and agreed by and between Borrower(s), Debtor(s)/Grantor(s) and Bank that any and all collateral (including but not limited to real property, personal property, fixtures, inventory, accounts, instruments, general intangibles, documents, chattel paper, and equipment) given as security to insure faithful performance by Borrower(s) and any other third party of any and all obligations to Bank, however created, whether now existing or hereafter arising, shall remain as security for the Promissory Note as modified hereby.

It is understood and agreed that if Bank has released collateral herein, Bank will not be under any obligation to release said collateral from any lien or security interest unless Bank determines, in its sole discretion, that it may do so without consequence to its secured position and relative priority in other collateral; and unless Borrower(s) bears the reasonable cost of such action. No delay or omission on the part of the Bank in exercising any right hereunder shall operate as a waiver of such right or of any other right of the Bank, nor shall any delay, omission or waiver on any one occasion be deemed a bar to or waiver of the same, or of any other right on any further occasion. Each of the parties signing this Agreement regardless of the time, order or place of signing waives presentment, demand, protest, and notices of every kind, and assents to any one or more extensions or postponements of the time of payment or any other indulgences, to any substitutions, exchanges or releases of collateral if at any time there is available to the Bank collateral for the Promissory Note, as amended, and to the additions or releases of any other parties or persons primarily or secondarily liable. Whenever possible the provisions of this Agreement shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Agreement prohibited by or invalid under such law, such provisions shall be ineffective to the extent of any such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Agreement. All rights and obligations arising hereunder shall be governed by and construed in accordance with the laws of the same state which governs the interpretation and enforcement of the Promissory Note.

From and after any event of default under this Agreement, the Promissory Note, or any related deed of trust, security agreement or loan agreement, interest shall accrue on the sum of the principal balance and accrued interest then outstanding at the variable rate equal to the Bank's Prime Rate plus 5% per annum ("Default Rate"), provided that such rate shall not exceed at any time the highest rate of interest permitted by the laws of the District of Columbia; and further that such rate shall apply after judgement. In the event of any default, the then remaining unpaid principal amount and accrued but unpaid interest then outstanding shall bear interest at the Default Rate until such principal and interest have been paid in full. Bank shall not be obligated to accept any check, money order, or other payment instrument marked "payment in full" on any disputed amount due hereunder, and Bank expressly reserves the right to reject all such payment instruments. Borrower agrees that tender of its check or other payment instrument so marked will not satisfy or discharge its obligation under this Note, disputed or otherwise, even if such check or payment instrument is inadvertently processed by Bank unless in fact such payment is in fact sufficient to pay the amount due hereunder.

WAIVER OF TRIAL BY JURY. UNLESS EXPRESSLY PROHIBITED BY APPLICABLE LAW, THE UNDERSIGNED HEREBY WAIVE THE RIGHT TO TRIAL BY JURY OF ANY MATTERS OR CLAIMS ARISING OUT OF THIS AGREEMENT, THE PROMISSORY NOTE OR ANY LOAN DOCUMENT EXECUTED IN CONNECTION HEREWITH OR OUT OF THE CONDUCT OF THE RELATIONSHIP BETWEEN THE UNDERSIGNED AND BANK. THIS PROVISION IS A MATERIAL INDUCEMENT FOR BANK TO MAKE THE LOAN EVIDENCED BY THE PROMISSORY NOTE AND THIS AGREEMENT. FURTHER, THE UNDERSIGNED HEREBY CERTIFY THAT NO REPRESENTATIVE OR AGENT OF BANK, NOR BANK'S COUNSEL, HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT BANK WOULD NOT SEEK TO ENFORCE THIS WAIVER OR RIGHT TO JURY TRIAL PROVISION IN THE EVENT OF LITIGATION. NO REPRESENTATIVE OR AGENT OF BANK, NOR BANK'S COUNSEL, HAS THE AUTHORITY TO WAIVE, CONDITION OR MODIFY THIS PROVISION.

Unless otherwise required under a Loan Agreement, if applicable, and as long as any indebtedness evidenced by this Promissory Note, as modified by this Agreement remains outstanding or as long as Bank remains obligated to make advances, the undersigned shall furnish annually an updated financial statement in a form satisfactory to Bank, which, when delivered shall be the property of the Bank.

(SIGNATURES ON FOLLOWING PAGE)

**BB&T**

## NOTE MODIFICATION SIGNATURE PAGE

Borrower:    HUDSON RIVER PARTNERS LP

Account Number:    9560082298                    Note Number:    00002

Modification Amount:   684,907.98               Modification Date:   02/18/2005

**Notice of Right to Copy of Appraisal:** If a 1-4 family residential dwelling is pledged as collateral for this Agreement, you, the undersigned, have a right to copy of the real estate appraisal report used in connection with your application for credit. You must forward your request to the Bank no later than 90 days after the date of this Agreement. In your request letter, please provide your name, mailing address, appraised property address, the date of this Agreement, and the account and note numbers shown on the front of this Agreement.

IN WITNESS WHEREOF, the undersigned, on the day and year first written above, has caused this instrument to be executed under seal.

### If Borrower is a Corporation:

WITNESS:

                              NAME OF CORPORATION

_____    By: _____ (SEAL)

                            Title: _____

_____    By: _____ (SEAL

                            Title: _____

### If Borrower is a Partnership, Limited Liability Company, Limited Liability Partnership or Limited Liability Limited Partnership:

WITNESS:

                         HUDSON RIVER PARTNERS LP

                        NAME OF PARTNERSHIP, LLC, LLP OR LLLP

_____    By: _____ (SEAL)

                          **Hudson River Partners, Inc.**

_____    By: **Managing General Partner** (SEAL)

                          **Douglas P. Bennett, President**

_____    By: _____ (SEAL)

                            GENERAL PARTNER OR MANAGER

### If Borrower is an Individual

WITNESS:

_____    _____ (SEAL)

### Additional Borrowers and Debtors/Grantors/Guarantors:

WITNESS:

_____    _____ (SEAL)

_____    _____ (SEAL)

_____    _____ (SEAL)

_____    _____ (SEAL)

_____    _____ (SEAL)

_____    _____ (SEAL)

# EXHIBIT 2

LAW OFFICES
FRIEDLANDER, MISLER,
SLOAN, KLETZKIN &
OCHSMAN, PLLC
1101 17th STREET, NW,
SUITE 700
WASHINGTON, DC
———
(202) 872-0800

BB&T

## DECLARATION OF PARTNERSHIP
## AND AUTHORITY TO BORROW

The undersigned hereby certify TO BRANCH BANKING AND TRUST COMPANY ("Bank"):

1. We are trading and doing business in the name of  HUDSON RIVER PARTNERS LP  ("Partnership"),

   a  LIMITED  partnership organized under the laws of the State of  DELAWARE
   _(general or limited)_

   The principal place of business of the Partnership is 700 NEW HAMPSHIRE AVE WATERGATE SOUTH 415 WASH., DC 20037
   and the telephone number of the Partnership is  202 333 8996  . The taxpayer identification number of the Partnership is
   52-1963267

2. The full name, nature (general or limited), and ownership interest of each partner is as follows:

   | NAME | PERCENT OR INTEREST | GENERAL OR LIMITED PARTNER |
   |---|---|---|
   | SEE ATTACHED SCHEDULE A | | |

3. We, being of those partners listed above, constitute all of the partners of the Partnership and agree that if any other person or entity becomes a partner in the Partnership, the Partnership will notify the Bank immediately; that any document, instrument, or undertaking heretofore or hereafter so executed on behalf of the Partnership shall be as binding on the Partnership as though executed by all partners and the undersigned hereby ratify and affirm any such act as binding upon the Partnership and all its partners.

4. We hereby authorize  MANAGING MEMBER- HUDSON RIVER PARTNERS INC
   whose signature(s) are subscribed hereto (or any one of them unless otherwise limited below) for and on behalf of the Partnership to borrow money, incur liabilities, execute or endorse and deliver promissory notes, requests for future advances or other obligations, including extensions and modifications thereof, and to mortgage, pledge, or otherwise encumber, transfer, or assign any and/or all of the Partnership property including, but not limited to selling, assigning, or discounting its bills, notes, contracts, real property, and accounts receivable or any other asset. Said persons or any of them, unless otherwise limited, are further authorized to execute and deliver to Bank applications for loans and/or financial statements of the Partnership, and to purchase, sell, exchange, deliver, receive and receipt for securities in foreign exchange, and to purchase letters of credit, execute guaranties and trust receipts, including renewals, modifications, and extensions thereof in connection herewith. We hereby appoint the above designated persons our attorney(s)in-fact and hereby empower, authorize and expressly direct them to take all necessary and appropriate action in connection with the above described authority on behalf of the partnership and the undersigned partners.
   We also agree that any document, instrument or undertaking heretofore or hereafter so executed on behalf of the Partnership shall be as binding on the Partnership as though executed by all its partners, and we hereby ratify and affirm any such act as binding upon the Partnership and all its partners, expect as expressly limited below.

   Limitations:

5. The foregoing borrowing authorization shall remain in full force and effect until written notice of its amendment or rescission shall have been received by the Bank, and receipt of such notice shall not affect any action taken by the Bank prior thereto.

6. All borrowing transactions by any of the persons named above on behalf of the Partnership, and in its name, with the Bank prior to the delivery to the Bank of this certificate are, in all respects, hereby ratified, confirmed, approved and adopted.

7. We expressly understand and agree that the Bank, when dealing with any of these persons herein authorized to act for the Partnership in dealing with Partnership borrowing transactions, shall be entitled to rely upon and accept the representations of such authorized person or persons, that the purpose of exercising the authority herein given is within the scope of the business of the Partnership, that the Bank shall be under no obligation to make any inquiries or to verify or confirm any of said representations, or to see to the application of the borrowed funds for the purpose so represented. We certify that the signatures appearing hereon are the original, genuine signatures of the partners of the Partnership herein authorized. The aforedescribed power and authority of each of the undersigned partners, whether the same be brought about until actual written notice or revocation is received by the Bank from one of the undersigned partners. The rights contained herein are in addition to and not in limitation of the rights inherent in a partnership by dissolution or otherwise.

   IN WITNESS THEREOF, we have hereto set our hands and seals, this the  9th  day of  March , 2001 .

   Witness _____    _____
                                       HUDSON RIVER PARTNERS INC., DOUGLAS BENNETT(PRES

   Witness _____

   Witness _____    _____
                                       HRP FINANCE CORPORATION, DOUGLAS BENNETT (PRES)

   Witness _____

   Witness _____

   Witness _____

   Witness _____

_ACCOUNT# / NOTE#_

1482DC (9901)



## SCHEDULE A

### HUDSON RIVER PARTNERS L.P.

| Name and Address of Partners | Capital Contribution | Percentage Interest |
|---|---|---|
| **GENERAL PARTNERS:** | | |
| Hudson River Partners, Inc.<br>700 New Hampshire Avenue, N.W.<br>Suite 415<br>Washington, D.C.  20037<br>Attention: Douglas P. Bennett<br>Telephone Number: (202) 333-8996<br>Facsimile Number: (202) 625-0626 | $90 | 0.9% |
| HRP Finance Corporation<br>700 New Hampshire Avenue, N.W.<br>Suite 415<br>Washington, D.C.  20037 | $10 | 0.1% |
| **INVESTOR LIMITED PARTNER:** | | |
| Chevron U.S.A. Inc.<br>c/o Chevron TCI, Inc.<br>575 Market Street<br>San Francisco, CA  94120-7256<br>Attn:  Robert J. White | $5,050,000 * | 98.0% |
| **CLASS A LIMITED PARTNERS:** | | |
| Donald Bean, Jr.,<br>12309 Country Ridge Lane<br>Fairfax, VA  22033 | $0 | 0.015% |
| Douglas P. Bennett<br>700 New Hampshire Avenue, N.W.<br>Suite 415<br>Washington, D.C.  20037 | $480 | 0.486% |

274639.6

| Name and Address of Partners | Capital Contribution | Percentage Interest |
|---|---|---|
| James Q. Brett<br>6700 Pinehaven Road<br>Oakland, CA  94611 | $170 | 0.077% |
| Thomas B. Dyer, III<br>Dyer Enterprises Inc.<br>5850 T G Lee Blvd, Suite 460<br>Orlando, FL  32822 | 0 | 0.020% |
| David Fensterheim<br>1350 Eye Street, N.W.<br>Suite 200<br>Washington, D.C.  20005 | 0 | 0.015% |
| William F. Gorog<br>Chairman<br>Intelidata<br>13100 Worldgate Drive, Suite 600<br>Herndon, VA  02170 | $170 | 0.132% |
| E. Douglas Kenna<br>11450 Turtle Beach Road<br>North Palm Beach, FL  33408 | 0 | 0.010% |
| James V. Kimsey<br>1700 Pennsylvania Avenue<br>Suite 900<br>Washington, D.C.  20006 | 0 | 0.054% |
| Frederic V. Malek<br>Thayer Capital Partners<br>1455 Pennsylvania Avenue, N.W.<br>Suite 703<br>Washington, D.C. 20004 | $170 | 0.107% |
| Robert F. McDermott<br>200 Concord Plaza<br>Suite 500<br>San Antonio, TX  78216 | 0 | 0.010% |

274639.6

| Name and Address of Partners | Capital Contribution | Percentage Interest |
|---|---|---|
| Dana G. Mead<br>Chairman & CEO<br>Tenneco Inc.<br>1275 King Street<br>Greenwich, CT 06831 | 0 | 0.054% |
| William F. Murdy<br>71 St. John Place<br>New Canaan, CT 06840 | 0 | 0.02% |
| TOTAL: | $5,051,090 | 100.00% |

\* To be paid in installments as described in Section 5.

274639.6