# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **BRANCH BANKING & TRUST COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 06-318 (RMC)** |
| | ) | |
| **HUDSON RIVER PARTNERS, L.P.** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER ON MOTION TO DISMISS COUNT V OF THE COMPLAINT

Defendants Hudson River Partners, Inc., HRP Finance Corporation, and Douglas P. Bennett, joined by Defendant Hudson River Partners, L.P., move to dismiss Count V of the complaint filed by Branch Banking & Trust Company ("BB&T"), on the grounds that its allegations of fraud in the inducement are insufficiently particular as a matter of law. The motion is denied.

Paragraph 11 of the complaint alleges that a Loan Agreement between BB&T and Hudson River Partners, L.P. ("Hudson Partners") specified that Hudson Partners could enter into the loan, repay the money, and grant collateral on it without violating any other "agreement, indenture, or other instrument which is binding upon Hudson Partners." Compl. ¶ 11. Paragraph 17 of the complaint alleges:

> [E]ach of the Defendants had actual knowledge prior to the time the Loan Agreement was made, and prior to the original loan of money by BB&T to Hudson Partners, that Hudson Partners was prohibited from making the loan, from becoming indebted to BB&T, and from encumbering any of its assets as set forth in the Security Agreement. Upon information and belief, none of the Defendants informed BB&T of this prohibition, and did intentionally and knowingly withhold such information from BB&T, with

the express intent of using such deception to aid their scheme to obtain money loaned from BB&T.

Compl. ¶ 17.  With these allegations incorporated into Count V, its paragraphs are sufficiently particular to survive the motion.  Paragraph 31 alleges that "Defendants had actual knowledge that they were prohibited by prior binding contractual agreements from entering into the loan transaction with BB&T."  Compl. ¶ 31.  Paragraph 32 asserts that "Defendants had actual knowledge that BB&T was relying on the representations in the loan documents."  Compl. ¶ 32.  And paragraph 33 contends that "BB&T reasonably relied on those representations to its detriment."  Compl. ¶ 33.

BB&T has pleaded facts sufficient to support each of the elements of fraud.  *Bennett v. Kiggins*, 377 A.2d 57, 59 (D.C. 1977).  It has alleged: (1) a false representation; (2) of material facts; (3) made with knowledge of falsity; (4) with the intent to deceive; and (5) reasonable reliance by BB&T.  *Id.*  This is all that is required.

The motion to dismiss Count V is **DENIED**.

**SO ORDERED.**

Date: September 26, 2006                   _____/s/_____
                                           ROSEMARY M. COLLYER
                                           United States District Judge

-2-